Wolfgang F. Hahn, Esq.   [SBN # 061385]
WOLFGANG F. HAHN & ASSOCIATES
7160 Caminito Pepino
La Jolla, California  92037
Telephone :  858. 535. 1000
Telecopier :  858. 456. 5080
E-Mail     :  ellobo1@san.rr.com

[SPACE BELOW PROVIDED FOR FILING STAMP ONLY]

**FILED**

'08 APR 23  PM 2: 41

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Attorneys for  Defendants
DRY CLEANING STATION, INC. and JOHN A. CAMPBELL

James M. Susag, Esq.
Cynthia M. Klaus, Esq.
LARKIN HOFFMAN DALY & LINDGREN, LTD.
1500 Wells Fargo Plaza
7900 Xerxes Avenue South
Minneapolis, Minnesota 55431-1194
Telephone :   952. 835. 3800
Telecopier :   952. 896. 3333
E-Mail      :   www.larkinhoffman.com

Attorneys for  Defendants
DRY CLEANING STATION, INC. and JOHN A. CAMPBELL

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA (SAN FRANCISCO DIVISION)

| | |
|---|---|
| TIMOTHY BROSNAN, an individual;<br>CARLA BROSNAN, an individual;<br><br>              Plaintiff,<br><br>vs.<br><br>DRY CLEANING STATION, INC.,<br>a corporation; JOHN A. CAMPBELL, an<br>individual; does 1 Through 50, Inclusive<br><br>              Defendants. | Case No. CV 08 2028 (EDL)<br><br><u>Assigned For All Purposes:</u><br>Elizabeth D. Laporte<br><br>**DEFENDANTS DRY CLEANING STATION, INC. AND JOHN A. CAMPBELL'S NOTICE OF MOTION AND TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Hearing Date :   3 June 2008<br>Time         :   9: A. M<br>Location     :   Courtroom E, 15th Flr. |

DEFENDANT DRY CLEANING STATION, INC., AND JOHN A CAMPBELL'S
NOTICE OF  MOTION AND MOTION TO DISMISS; MEMORANDUM  OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
PAGE  1

TIMOTHY BROSNAN/CARLA BROSNAN vs. DRY CLEANING STATION, INC., ET AL.

ORIGINAL

1  **PLEASE TAKE NOTICE** that on 3 June 2008, at 9:00 A. M. in Courtroom E of the
2  above-entitled Court, located at 450 Golden Gate Avenue, Fifteenth Floor, San Francisco,
3  California 94102, defendants DRY CLEANING STATION, INC. and JOHN A. CAMPBELL
4  (collectively, "DCS") will bring on regularly for hearing their Motion To Dismiss Plaintiff
5  TIMOTHY BROSNAN and CARLA BROSNAN's ("plaintiffs BROSNAN") Complaint for
6  Damages.

7  **THE MOTION** will be made pursuant to Federal Rule of Civil Procedure Rule 12(b)(6)
8  in that, the written Franchise Agreement executed by the parties contains a mediation clause,
9  requiring mediation as a condition precedent to the right to sue under the contract. Plaintiffs
10 BROSNAN's failure to submit their claims to mediation prior to filing suit warrants dismissal.

11 **THE MOTION** will be based upon this Notice, the accompanying Memorandum of
12 Points and Authorities and upon such other further oral and documentary evidence as will be
13 presented at the hearing on the Motion.

WOLFGANG F. HAHN & ASSOCIATES

Dated: 21 April 2008      By: _____
                              WOLFGANG F. HAHN
                              Attorney for Defendants
                              DRY CLEANING STATION, INC.
                              and JOHN A CAMPBELL

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANTS DRY CLEANING STATION, INC.
AND JOHN A CAMPBELL'S MOTION TO DISMISS**

DRY CLEANING STATION, INC. and JOHN A. CAMPBELL (collectively, "DCS") respectfully submit this Memorandum of Points and Authorities in support of their Motion To Dismiss Plaintiffs BROSNANS' Complaint in the above-referenced matter.

**I.  INTRODUCTION.**

This litigation concerns the business relationship between parties to a written Franchise Agreement. Plaintiffs, husband and wife franchisees of defendant/franchisor DRY CLEANING STATION, INC. ("DCS"), allege that DCS and its chief executive officer (defendant John Campbell) misrepresented "many material facts" about the proposed franchise relationship. Plaintiffs' kitchen sink complaint, originally brought in state court and now removed to this Court, brings claims for fraud, negligent misrepresentation, breach of contract, breach of the covenant of good faith and fair dealing, negligence, breach of fiduciary duty and two alleged statutory violations.

This is a lawsuit that should have never been filed—the Franchise Agreement between the parties (attached as Exhibit A to plaintiffs BROSNAN's Complaint) requires, as a precondition to "initiating any legal action against the other" that the parties mediate first for a minimum of four (4) hours. *p.38, Art. 20.2(A), Exh. A, Pltf. Complt..* Plaintiffs BROSNAN have not met that precondition. In fact, they never once indicated to DCS their request to mediate prior to initiating this lawsuit. This failure is fatal to their claims and warrants

dismissal of this action. Further, under Article 20.2(A)(6) of the Franchise Agreement, DCS is entitled to an award of its attorneys' fees and costs for having to seek this dismissal.

## II. PLAINTIFFS' FAILURE TO MEDIATE PRIOR TO FILING SUIT WARRANTS DISMISSAL OF THEIR CLAIMS.

A motion to dismiss is proper under Federal Rule of Civil Procedure Rule 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. *Fed. R Civ. P. 12(b)(6)*. "A complaint may be dismissed for one of two reasons: (1) lack of a cognizable theory or (2) insufficient facts under a cognizable legal claim." *Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984)*. On a motion to dismiss, the complaint is construed in the light most favorable to the non-moving party and all material allegations in the complaint are taken to be true. *Sanders v. Kennedy, 794 F.2d 478, 481 (9th Cir. 1986)*.

Where a contract states that mediation is a condition precedent to the right to sue under the contract, a party's failure to submit its claims to mediation prior to filing suit warrants dismissal. *B & O Mfg., Inc. v. Home Depot U.S.A., Inc., No. C 07-02864 JSW, 2007 WL 3232276, at *8 (N.D. Cal. Nov. 1, 2007)* (holding that a party's failure to mediate prior to filing suit in contradiction to a pre-suit mediation provision warrants dismissal of its claims).

The Franchise Agreement explicitly states that:

> . . . the Company [DCS] and the Franchisee each agree to enter into mediation of all disputes involving this Agreement or any other aspect of the relationship, for a minimum of four (4) hours, prior to initiating any legal action against the other.

*p.38, Art. 20.2(A), Exh. A, Pltf. Complt..*

The federal district court in Kansas recently examined this precise issue in the franchisor/franchisee context. *See R & F, LLC v. Brooke Corp.*, No. 07-2175-JWL, 2008 WL 294517 (D. Kan. Jan. 31, 2008). There, just as here, the plaintiff failed to first mediate prior to filing suit. Rejecting the plaintiff's claims that mediation would be a "hollow exercise", the court ruled that "R & F is not entitled to proceed with litigating this case at all until mediation has been conducted." *Id.* at *2.

Consistent with these legal authorities, the Court should dismiss plaintiffs' claims and order that mediation occur between the parties as set forth in Article 20 of the Franchise Agreement as a precondition to any further legal proceedings.

### III.   DCS IS ENTITLED TO ITS ATTORNEYS' FEES AND COSTS IN SEEKING THIS DISMISSAL.

Article 20 of the Franchise Agreement is clear in that if either party fails to first seek mediation prior to bringing an action, "then upon petition of whichever party has a lawsuit . . . brought against it, the court . . . will dismiss the litigation . . . , and award attorneys' fees and costs to the party seeking dismissal in an amount equal to the attorneys' fees and costs the party seeking dismissal incurred." *Complt. Ex. A @ Art. 20.2(A)(6)*. In the instant case, plaintiffs made no attempt to even request mediation prior to bringing this lawsuit. Because plaintiffs did so, DCS have had to needlessly incur the expense of bringing this motion. The parties specifically agreed that should **either** party force such expense on the other party, the aggrieved party is entitled to recover all of its attorneys' fees incurred in the action. Under these circumstances, DCS requests leave of court to document its attorneys' fees and costs incurred in

1  preparing and bringing this motion, as specifically provided in the agreement between the
2  parties.

               WOLFGANG F. HAHN & ASSOCIATES

Dated: 21 April 2008      By: _____
               WOLFGANG F. HAHN
               Attorney for Defendants
               DRY CLEANING STATION, INC.
               and JOHN A CAMPBELL