LAW OFFICE OF MICHAEL D. LIBERTY
Michael D. Liberty, Esq. (Bar No. 136088)
Assaad Stephan (Bar No. 246183)
1290 Howard Avenue, Suite 303
Burlingame, California 94010
Telephone: (650) 685-8085
Facsimile: (650) 685-8086
mdlaw@pacbell.net

Attorney for Plaintiffs
TIMOTHY BROSNAN and
CARLA BROSNAN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(SAN FRANCISCO DIVISION)

| | |
|---|---|
| TIMOTHY BROSNAN, an individual; CARLA BROSNAN, an individual, <br><br> Plaintiffs, <br><br> vs. <br><br> DRY CLEANING STATION, INC., a Corporation; JOHN A. CAMPBELL, an individual; and DOES 1 through 50, inclusive, <br><br> Defendants. | Case No. CV 08 2028 (EDL) <br><br> THE BROSNANS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COMPLAINT <br><br> Hearing Date: June 3, 2008 <br> Time: 9:00 AM <br> Location: Courtroom E, 15th Floor |

## I. INTRODUCTION

Plaintiffs TIMOTHY BROSNAN and CARLA BROSNAN hereby oppose Defendants DRY CLEANING STATION, INC. and JOHN CAMPBELL'S Motion to Dismiss their Complaint. Under Federal Rule of Civil Procedure 12(b)(6), a Motion to Dismiss is generally proper only when the pleadings fail to state a claim upon which relief may be granted. Defendants argue that the Brosnans' failure to mediate prior to filing the complaint is fatal to their breach of contract claim, and warrants a

THE BROSNANS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COMPLAINT Case No. CV 08 2028 (EDL)

1

complete dismissal of the complaint. This is not true, and B & O Manufacturing, Inc. v. Home Depot U.S.A., Inc., (No. C 07-02864 JSW, (2007 U.S. Dist. LEXIS 83998)), does not require the Court to dismiss the entirety of the complaint. The court should exercise its discretion and stay the case until mediation occurs. All parties agree that mediation should take place, and the parties are reviewing potential mediators.

The Brosnans and Defendants are amenable to mediation. On April 29, 2008, The Brosnans sent Defendants a "Stipulation And Order To Mediate". The Brosnans and Defendants' counsel discussed and exchanged information on possible mediators. However, Defendants would only mediate if the Brosnans dismissed their complaint. Rather than grant Defendants' Motion to Dismiss, the Brosnans suggest the Court stay the matter until all parties have engaged in mediation. Staying the matter until mediation is more judicially and economically efficient than forcing the Brosnans to dismiss their complaint, mediate, and then if necessary, re-file another -- identical -- complaint.

## II. STATEMENT OF FACTS

This litigation arises out of the franchise relationship among the Brosnans (franchisees) and Defendants (franchisors). The Brosnans allege they were fraudulently induced into entering into a franchise agreement and into paying Defendants $495,000. (See Complaint para. 25)

The Brosnans met defendant CAMPBELL in San Diego. (See Complaint para. 10) During that San Diego meeting, CAMPBELL orally misrepresented many material facts about DRY CLEANING STATION, INC. to the Brosnans as prospective franchisees. (See Complaint para. 11) Based upon these misrepresentations, the Brosnans entered into a Franchise Agreement and Territorial Development Agreement with defendants DRY CLEANING STATION, INC. and CAMPBELL. (See Declaration of Michael D. Liberty, para. 3, Exh. B) The Brosnans paid and became responsible for the territories in Alameda, Santa Clara, San Mateo, Sacramento, Yolo, and Orange County. (See

THE BROSNANS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COMPLAINT Case No. CV 08 2028 (EDL)

2

Complaint para. 12)

In order to induce the Brosnans into entering and signing the Franchise Agreement and Territorial Development Agreement, CAMPBELL made the following misrepresentations to the Brosnans: (a) That it would only take three to six months for a prospective franchisee's "drop store" business to become profitable; (b) That it would only take $5,000 - $10,000 in working capital in order for a "drop store" to start up; (c) That the average "drop store" brought in gross revenues of approximately $300,000 after one year; (d) That DRY CLEANING STATION, INC.'S San Diego territory was a glowing model for any franchisee developer to follow and that the San Diego territorial master developer had recently signed up eight "drop stores" within a two month period; (e) That the Brosnans would make between $300,000 to $350,000 per year for being master franchise area developers. Each of these representations was false, incomplete and/or misleading. (See Complaint para. 13). Based upon these misrepresentations, the Brosnans entered into and signed the Franchise Agreement and Territorial Development Agreement. (See Complaint para. 14). They now seek to rescind the agreements and recover their money and other damages.

After the Brosnans entered into and signed the Franchise Agreement and Territorial Development Agreement, they found out CAMPBELL had misrepresented and concealed material facts to them. (See Complaint para. 15). The true facts were that: (a) That it took a prospective franchisee between twelve to twenty-four months or longer to make a profitable business; (b) That franchisees needed almost $100,000 in additional working capital in order to get a DRY CLEANING STATION, INC. franchise store "up and running"; (c) That an average DRY CLEANING STATION, INC. franchise business only made approximately $170,000 or less in revenue during its first year of business; (d) That DRY CLEANING STATION, INC. and its area developer for the San Diego territory used unsound business practices to sign up the eight "drop stores" within the two months period, and that it was not a "glowing model" for the Brosnans to rely upon. (See Complaint para. 16).

THE BROSNANS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COMPLAINT Case No. CV 08 2028 (EDL)

By making unsubstantiated and false claims for future earnings of a franchise, CAMPBELL violated Federal Trade Commission's rules outlined in 16 CFR 436.1 et seq. (See Complaint para. 17). Furthermore, had the Brosnans known that DRY CLEANING STATION, INC. over-extended and improperly serviced franchise drop stores in its "model" San Diego territory, the Brosnans would not have entered into the Franchise Agreement or the Territorial Development Agreement. (See Complaint para. 18). Defendants DRY CLEANING STATION, INC. and CAMPBELL breached their duty to the Brosnans by failing to communicate and relay information to the Brosnans regarding potential franchisees in the Brosnans' assigned territories. (See Complaint para. 19).

Pursuant to the schedule set forth on page 4 of the Territorial Development Agreement, (See Complaint, Exhibit B) the Brosnans were expected to open a certain number of DRY CLEANING STATION, INC. stores in their territory every year for ten years. (See Complaint para. 20). It was impossible for the Brosnans to meet this schedule because defendants DRY CLEANING STATION, INC. and CAMPBELL failed to inform the Brosnans, as area developers, of details of Dry Cleaning Station, Inc.'s contacts with potential franchisees who would work under the Brosnans. (See Complaint para. 21). DRY CLEANING STATION, INC. and CAMPBELL concealed the fact that the National Sales Manager for DRY CLEANING STATION, INC., Jay Campbell, was leaving the company. (See Complaint para. 22).

Furthermore, it was impossible for the Brosnans to meet their schedule because DRY CLEANING STATION, INC. and CAMPBELL failed to honor his promise to assist the Brosnans by working with them in obtaining new franchisees, and because DRY CLEANING STATION, INC. and CAMPBELL excluded the Brosnans from communications with prospective franchisees in their assigned territories. (See Complaint para. 23). CAMPBELL also told the Brosnans that they would have to pay a $5,000 transfer fee to purchase the Orange County territory, which they did. This was false, as the transferor was responsible for paying that fee. (See Complaint para. 24).

In reliance on the above misrepresentations and concealments, the Brosnans paid approximately $360,000 to defendants to fund the failed franchise arrangement and to purchase the Orange County territory. The Brosnans also incurred approximately $135,000 in costs to start up their franchises. (See Complaint para. 25). Recently, defendants allowed a franchisee to open a franchise in Union City, California without the Brosnans knowledge, consent or remuneration. (See Complaint para. 26).

On March 17, 2008 the Brosnans filed their Complaint in the Superior Court of California, County of San Mateo. (See Declaration of Michael D. Liberty, para. 2, Exh. A). The complaint alleges causes of actions for breach of contract, fraud (including concealment), negligent misrepresentation, breach of the covenant of good faith and fair dealings, negligence, breach of fiduciary duty, breach of Corporations Code § 3100 et seq., and unfair business practices. The case was removed to this Court on April 18, 2008. Defendants then filed this motion to dismiss.

### III. LEGAL ARGUMENT

**A. Legal Standards For Motions To Dismiss.**

A Motion to Dismiss is proper under Federal Rule of Civil Procedure Rule 12(b)(6), where the pleadings fail to state a claim upon which relief may be granted. Motions to Dismiss are viewed with disfavor and are rarely granted. (Hall v. City of Santa Barbara, 833 F. 2d 1270 (9th Cir. 1986)). "A complaint may be dismissed for one of two reasons: (1) lack of a cognizable theory or (2) insufficient facts under a cognizable legal claim." (Robertson v. Dean Witter Reynolds, Inc., 749 F. 2d 530, 534 (9th Cir. 1984)). On a motion to dismiss, the complaint is construed in the light most favorable to the non-moving party and all material allegations in the complaint are taken to be true. (Sanders v. Kennedy, 794 F. 2d 478, 481 (9th Cir. 1986)).

///

**B.    The Brosnans Offered To Mediate Via A Stipulation And Order To Mediation, But Defendants Refused To Stipulate Unless the Brosnans Dismissed Their Complaint.**

On April 29, 2008 The Brosnans' counsel, Michael D. Liberty, sent Defendants' counsel a letter stating that The Brosnans were "certainly amenable to mediation." (See Declaration of Michael D. Liberty, para. 4, Exh. C). The letter proposed two local, reputable mediators, (Judge Walter P. Capaccioli (Ret.) and Bruce Wagner) and offered Defendants that should one of these mediators meet their approval, Defendants should sign the enclosed "Stipulation And Order To Mediation".

On May 1, 2008, Defendants' counsel, James M. Susag, responded to The Brosnans' letter. (See Declaration of Michael D. Liberty, para. 5, Exh. D). Defendants refused to agree to the proposed stipulation because the stipulation did not dismiss the lawsuit. On May 9, 2008, Mr. Liberty counsel sent a letter to Mr. Susag attaching the curriculum vitaes of Judge Walter Capaccioli (Ret.) and Bruce Wagner. (See Declaration of Michael D. Liberty, para. 6, Exh. E). Also on May 9, 2008, Michael D. Liberty engaged in a telephone conversation with Mr. Susag regarding mediation of this matter. Mr. Susag indicated that he would be willing to travel to San Francisco to mediate if the Brosnans proposed a mediator knowledgeable in franchise law. (See Declaration of Michael D. Liberty, para. 7). Mr. Susag also reiterated Defendants' stance that they will not mediate until The Brosnans dismiss their complaint. (See Declaration of Michael D. Liberty, para. 8). This was not acceptable to The Brosnans.

The Brosnans are entitled to mediate this matter without dismissing their complaint. Defendants are refusing to mediate without a dismissal. As discussed below, the failure to mediate – prefiling -- does not warrant a complete dismissal of their complaint. The Brosnans should not be forced to pay for re-filing another complaint when the first one was proper and asserted legitimate causes of actions against Defendants. Doing so would be a useless act.

### C. The Failure To Mediate Pre-Filing Does Not Warrant Dismissal Of Their Entire Complaint.

The only case Defendants cite to support their argument that the Brosnans' complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to mediate as a condition precedent to the right to sue, is B & O Manufacturing, Inc. v. Home Depot U.S.A., Inc., (No. C 07-02864 JSW, (2007 U.S. Dist. LEXIS 83998)).

While the Court in B & O did dismiss plaintiff's cause of action for breach of contract based upon plaintiff's failure to mediate prior to filing suit, it did so only after deciding that plaintiff failed to state any claims upon which the Court could grant relief. Before deciding to dismiss the complaint, the Court analyzed and concluded that plaintiff failed to state a claim for rescission, restitution, and promissory estoppel. The Court also decided to dismiss after it declined to hear plaintiff's claim for declaratory relief. It was only after the Court adjudicated each and every one of plaintiff's claims that it decided to grant defendant's motion to dismiss. Because B & O failed to mediate, the Court found it fatal to its claim for breach of contract only. And without its final cause of action for breach of contract, B&O's complaint failed to state any claims upon which relief could be granted, and therefore the court granted Home Depot's motion to dismiss.

Our case is distinguishable. Here, Defendants failed to assert that the Brosnans' complaint did not contain any claims upon which relief could be granted. Fed. R. Civ. P. 12(b)(6) allows the Court to dismiss a pleading only when it fails to state any claim upon which relief may be granted. The Brosnans' complaint pleads several causes of actions that, when construed in a light most favorable to the Brosnans, clearly state multiple claims which entitle them to relief. In addition to a cause of action for breach of contract (the franchise agreement), the complaint also pleads fraud (including concealment), negligent misrepresentation, breach of the covenant of good faith and fair dealings, negligence, breach of fiduciary duty, breach of Corporations Code § 3100 et seq., and unfair business

THE BROSNANS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COMPLAINT Case No. CV 08 2028 (EDL)

practices against Defendants. The B&O case does not help defendants.

Defendants quickly dismiss these other causes of actions as equivalent to a "kitchen sink complaint." (See Defendants' Memorandum of Points and Authorities pg. 3, line 13). However, defendants ignore the fact that since many of these other causes of actions are not based upon the Franchise Agreement, the Brosnans may plead them without regard to the mediation requirement.

Defendants' motion to dismiss should be denied because Defendants failed to prove their motion is proper under Fed. R. Civ. P. 12(b)(6). The Brosnans' complaint contains many other causes of actions which state a claim upon which relief can be granted. It would be a waste of judicial resources to excise the claim for breach of contract, have the parties attend mediation, and have The Brosnans amend their complaint.

**D.      Rather Than Grant Defendants' Motion To Dismiss, The Court Should Stay The Action Until Mediation Is Finished.**

The Brosnans' failure to mediate does not warrant dismissal of their complaint. The Brosnans request the Court exercise its discretion by denying the Motion to Dismiss and stay the action until mediation has occurred. It is anticipated the mediation can take place within two months.

Defendants cite to R & F, LLC v. Brooke Corp., (No. 07-2175-JWL, (2008 U.S. Dist. LEXIS 7452)) as a federal district court's examination of the precise issue of mediation as a condition precedent to filing a complaint in the franchisor/franchisee context. Defendants believe that this case supports their contentions that The Brosnans' complaint should be dismissed for not mediating first. This is not accurate. The Court in R & F granted defendant's Motion to Stay and Order to Mediate. The Court ruled that "This case is stayed while the parties conduct mediation to attempt to resolve their disputes raised in this lawsuit." (Id. at 7.)

Rather than force The Brosnans to re-file their complaint, it would make much more

THE BROSNANS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COMPLAINT Case No. CV 08 2028 (EDL)

economical sense to stay the instant proceedings until all parties engaged in mediation.

## IV.  CONCLUSION

Based on the foregoing, The Brosnans TIMOTHY BROSNAN and CARLA BROSNAN request this Court deny Defendants DRY CLEANING STATION INC. and JOHN A. CAMPBELL'S Motion to Dismiss.  Rather than dismissing The Brosnans' entire complaint, a complaint containing multiple valid causes of actions, the Court should stay the matter until all parties engage in mediation.

Dated: May 13, 2008

_____
Michael D. Liberty
LAW OFFICE OF MICHAEL D. LIBERTY
Attorney for Plaintiffs
TIMOTHY BROSNAN AND CARLA BROSNAN

THE BROSNANS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COMPLAINT Case No. CV 08 2028 (EDL)

9

Law Office Of Michael D. Liberty
1290 Howard Ave., Suite 303
Burlingame, CA 94010
650-685-8085

## PROOF OF SERVICE

I am a citizen of the United States, over the age of 18 years, and not a party to the within entitled action. I am employed in the County of San Mateo. On this date, I served the following document(s):

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COMPLAINT

__X__ By placing for collection and mailing, following ordinary business practices at my place of business, a true and correct copy thereof, in a sealed envelope with postage thereon fully prepaid, and addressed as set forth below. I am familiar with the business practice for collection and processing of documents for mailing with the United States Postal Service, said practice being that in the ordinary course of business, documents are deposited with the United States Postal Service on the same day as they are placed for collection.

___ By personal service on the parties to this action by causing a true and correct _____ thereof to be hand delivered to the offices or addresses of the person(s) set forth below.

James M. Susag, Esq.
Cynthia Klaus, Esq.
LARKIN HOFFMAN DALY & LINDGREN, LTD.
1500 Wells Fargo Plaza
7900 Xerxes Avenue South
Minneapolis, Minnesota 55431-1194

Wolfgang F. Hahn, Esq.
WOLFGANG F. HAHN & ASSOCIATES
7160 Caminito Pepino
La Jolla, California 92037

I declare under penalty of perjury that the foregoing is true and correct. Executed on May 13, 2008 at Burlingame, California.

_/s/ Maribel Gomez_

THE BROSNANS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COMPLAINT Case No. CV 08 2028 (EDL)