1  Wolfgang F. Hahn, Esq.    [SBN # 061385]          [SPACE BELOW PROVIDED FOR FILING STAMP ONLY]
   WOLFGANG F. HAHN & ASSOCIATES
2  7160 Caminito Pepino
3  La Jolla, California  92037
   Telephone :   858. 535. 1000
4  Telecopier :   858. 456. 5080
   E-Mail      :  ellobo1@san.rr.com
5

6  Attorneys for  Defendants
   DRY CLEANING STATION, INC. and JOHN A. CAMPBELL

7
   James M. Susag, Esq.
8  Cynthia M. Klaus, Esq.
   LARKIN HOFFMAN DALY & LINDGREN, LTD.
9  1500 Wells Fargo Plaza
   7900 Xerxes Avenue South
10 Minneapolis, Minnesota 55431-1194
   Telephone :   952. 835. 3800
11 Telecopier :   952. 896. 3333
   E-Mail      :  www.larkinhoffman.com
12

13 Attorneys for  Defendants
   DRY CLEANING STATION, INC. and JOHN A. CAMPBELL
14

15              **UNITED STATES DISTRICT COURT**

16   **NORTHERN DISTRICT OF CALIFORNIA (SAN FRANCISCO DIVISION)**

17 TIMOTHY BROSNAN, an individual;       Case No. CV 08 2028 (EDL)
   CARLA BROSNAN, an individual;
18                                       Assigned For All Purposes:
19                         Plaintiff,    Elizabeth D. Laporte

20 vs.
                                         **DEFENDANTS' REPLY MEMORANDUM**
21                                       **OF POINTS AND AUTHORITIES IN**
                                         **SUPPORT OF THEIR MOTION TO**
22 DRY CLEANING STATION, INC.,           **DISMISS**
   a corporation; JOHN A. CAMPBELL, an
23 individual; does 1 Through 50, Inclusive

24
                          Defendants.
25

26                                       DEFENDANTS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES
                                                   IN SUPPORT OF THEIR MOTION TO DISMISS
                                                                   PAGE  1
27 TIMOTHY BROSNAN/CARLA BROSNAN vs. DRY CLEANING STATION, INC., ET AL.

28

1

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANTS DRY CLEANING STATION, INC.
AND JOHN A CAMPBELL'S MOTION TO DISMISS**

2

3        DRY CLEANING STATION, INC. and JOHN A. CAMPBELL (collectively, "DCS")

4    respectfully submit this Reply Memorandum of Points and Authorities in support of their

5    Motion To Dismiss Plaintiffs BROSNANS' Complaint in the above-referenced matter.

6    **I.    PLAINTIFFS' FAILURE TO MEDIATE PRIOR TO FILING SUIT WARRANTS
           DISMISSAL OF THEIR CLAIMS.**

7

8        The issue before the Court is no longer whether mediation is required under the

9    Franchise Agreement, but whether this case should be stayed or dismissed while the parties

10   pursue mediation.  Plaintiffs' belatedly concede that "all parties agree that mediation should

11   take place", but request the Court stay this case, instead of dismissing it.  *p. 2, ll. 4-5, Pltf.*

12   *Memo.*  They claim they "are entitled to mediate this matter without dismissing their

13   complaint."  *Id. @ p. 6.*  They further claim they "should not be forced to pay for re-filing

14   another complaint when the first one was proper and asserted legitimate causes of actions

15   against Defendants."  *Id.*

16

17       There is no support for these positions in the Franchise Agreement.  The Franchise

18   Agreement explicitly states that:

19           . . . the Company [DCS] and the Franchisee each agree to enter
             into mediation of all disputes involving this Agreement or any
20           other aspect of the relationship, for a minimum of four (4) hours,
             ***prior to initiating any legal action against the other***.
21

22           *Pltf. Complt. Ex. A @ Art. 20.2(A).  (emp. add).*[1]

23

24   ─────────────────────
     [1]    Plaintiffs also argue that only their breach of contract claim is subject to mediation.  The Franchise
     Agreement is clear on this point.  It states that "all disputes involving this Agreement ***or*** any other aspect of the
25

26   TIMOTHY BROSNAN/CARLA BROSNAN vs. DRY CLEANING STATION, INC., ET AL.

27

28

1   To now concede **after** they commenced this lawsuit that mediation is required, but still cling to

2   it through their stay request, is both logically inconsistent and in complete contravention of the

3   plain language of the agreement between the parties. The parties signed a contract and the Court

4   should uphold it.  To the extent plaintiffs are inconvenienced (however slightly) or incur

5   additional costs by having to re-file, it was caused not by defendants, or by the Court in

6   dismissing the complaint, but by their own actions in failing to comply with their agreement.

7          A final reason exists for why the Court should dismiss this case rather than stay it—this

8   Court lacks jurisdiction.  Article 20.2(B) of the Franchise Agreement requires that all disputes

9   be arbitrated, not litigated.  *Pltf. Complt. Ex. A @ Art. 20.2(B).*  If the parties do not settle at

10  mediation, plaintiffs' recourse is not to continue with this lawsuit, but to commence arbitration

11  per the requirements imposed by the Franchise Agreement.  Thus, plaintiffs will be not be

12  forced to re-file another complaint with this Court following dismissal of this action.  Rather, if

13  the case remains pending during mediation, the Court will only be delaying the inevitable

14  dismissal of the complaint in favor of arbitration following conclusion of the mediation.

15  Staying the case will only clog this Court's calendar with an action that will lay dormant while

16  the parties pursue alternative dispute resolutions they contractually committed to take.  Under

17  these circumstances, staying the case, rather than dismissing it, makes no sense.

18

19

20  **III.    DCS IS ENTITLED TO ITS ATTORNEYS' FEES AND COSTS IN SEEKING
            THIS DISMISSAL.**

21          Article 20 of the Franchise Agreement is clear in that if either party fails to first seek

22  mediation prior to bringing an action, "then upon petition of whichever party has a lawsuit . . .

23

24  _____

    relationship" are subject to mediation prior to any legal proceedings being brought. *Pltf. Complt. Ex. A @ Art.*
    *20.2(A).  (emp. add.)*

25

26  TIMOTHY BROSNAN/CARLA BROSNAN vs. DRY CLEANING STATION, INC., ET AL.

27

28

1    brought against it, the court . . . will dismiss the litigation . . . , and award attorneys' fees and

2    costs to the party seeking dismissal in an amount equal to the attorneys' fees and costs the party

3    seeking dismissal incurred." *Pltf. Complt. Ex. A @ Art. 20.2(A)(6).*  Plaintiffs now readily

4    concede the applicability of the mediation requirement and further concede they made no

5    attempt to even request mediation prior to bringing this lawsuit.  Having conceded they did not

6    comply with their contractual obligations, plaintiffs must also concede they are liable for the

7    consequences — their responsibility for defendants' attorneys fees, which plaintiffs agreed in

8    Article 20 the Court should now award.

9

10          Article 20.2(A) of the Franchise Agreement does not require that defendants agree to

11   mediate under the condition that the lawsuit remain pending.  But, this is exactly the condition

12   plaintiffs are trying to impose.  Because of their failure to request mediation and their

13   subsequent failure to dismiss this lawsuit after conceding the applicability of the mediation

14   provision, DCS requests leave of Court to document its attorneys' fees and costs incurred in

15   preparing, bringing and arguing this motion, as specifically provided in the agreement between

16   the parties.

17                                             WOLFGANG F. HAHN + ASSOCIATES

18

19   Dated:  19 May 2008                    By: __/s/_____

20                                               WOLFGANG F. HAHN
                                                 Attorney for Defendants
21                                               DRY CLEANING STATION, INC.
                                                 and JOHN A CAMPBELL

22

23

24

25                                    **DEFENDANTS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES**
                                            **IN SUPPORT OF THEIR MOTION TO DISMISS**
26                                                            **PAGE  4**
     **TIMOTHY BROSNAN/CARLA BROSNAN vs. DRY CLEANING STATION, INC., ET AL.**

27

28