IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TIMOTHY BROSNAN, et al.,

    Plaintiffs,

v.

DRY CLEANING STATION INC, et al.,

    Defendants.

No. C-08-02028 EDL

**ORDER GRANTING WITHOUT PREJUDICE DEFENDANTS' MOTION TO DISMISS**

On March 17, 2008, Plaintiffs Timothy Brosnan and Carla Brosnan filed this action in San Mateo County Superior Court alleging state law claims relating to fraud and breach of contract against Defendants Dry Cleaning Station, Inc. and John Campbell. Plaintiffs' claims arise from a Franchise Agreement executed by the parties for operation of a Dry Cleaning Station store. On April 18, 2008, Defendants removed this case to federal court alleging diversity jurisdiction pursuant to 28 U.S.C. § 1332.

On April 23, 2008, Defendants filed a motion to dismiss Plaintiffs' complaint based on Federal Rule of Civil Procedure 12(b)(6) on the grounds that Plaintiffs failed to engage in mediation of this dispute prior to filing their lawsuit as required by the Franchise Agreement. The Franchise Agreement states in relevant part:

> Except to the extent that the Company believes it is necessary to seek equitable relief as permitted in Section 20.1, or to recover royalties or other amounts owed to it by the Franchisee, the Company and the Franchisee each agree to enter into mediation of all disputes involving this Agreement or any other aspect of the relationship, for a minimum or four (4) hours, prior to initiating any legal action against the other.

Liberty Decl. Ex. B. at 38. Plaintiffs do not dispute that they failed to engage in mediation prior to filing their lawsuit, but in their opposition seek a stay of this matter rather than dismissal. Because this matter is appropriate for decision without oral argument, the Court vacated the June 3, 2008

hearing.

Failure to mediate a dispute pursuant to a contract that makes mediation a condition precedent to filing a lawsuit warrants dismissal. See B&O Mfg., Inc. v. Home Depot U.S.A., Inc., 2007 WL 3232276, *8 (N.D. Cal. Nov. 1, 2007) ("A claim that is filed before a mediation requirement, that is a condition precedent to the parties' right to sue as set forth in an agreement, is satisfied shall be dismissed.") (citing Gould v. Gould, 240 Ga. App. 481, 482, 523 S.E.2d 106 (1999)). California state law so holds. See Charles J. Rounds Co. v. Joint Council of Teamsters No. 42, 4 Cal.3d 888 (1971) (affirming trial court's dismissal of a breach of contract action based on a collective bargaining agreement on the grounds that the dispute was covered by an arbitration clause in the agreement); see also Johnson v. Seigel, 84 Cal.App.4th 1087 (2000) (relying on Rounds and affirming the trial court's grant of summary judgment on the ground that the plaintiff failed to pursue arbitration as required by the real estate contract prior to filing the lawsuit). The Rounds Court provides specific instruction on the effect of a plaintiff's failure to pursue alternative dispute resolution as provided in a contract:

> Specifically, where the only issue litigated is covered by the arbitration clause, and where plaintiff has not first pursued or attempted to pursue his arbitration remedy, it should be held that (1) plaintiff has impliedly waived his right to arbitrate, such that defendant could elect to submit the matter to the jurisdiction of the court; (2) defendant may also elect to demur or move for summary judgment on the ground that the plaintiff has failed to exhaust arbitration remedies; and (3) defendant may also elect to move for a stay of proceedings pending arbitration if defendant also moves to compel arbitration.

Rounds, 4 Cal.3d at 899. By contrast, where a plaintiff has "attempted to exhaust its arbitration remedy or raises issues not susceptible to arbitration or not covered by the arbitration agreement," a stay rather than dismissal of the lawsuit is appropriate. Id.

Here, there is no dispute that Plaintiffs did not pursue mediation prior filing this lawsuit. Defendants have not elected to submit to the jurisdiction of the Court, nor have they moved to stay this action. Instead, they seek dismissal, to which they are entitled under Rounds. Although Plaintiffs prefer a stay, they cite no authority supporting the grant of a stay when Defendants opted for dismissal under these circumstances.

The Franchise Agreement states that if an action is commenced prior to seeking mediation,

2

and if the court dismisses the action, the party against which the lawsuit was brought is entitled to fees and costs "in an amount equal to the attorneys' fees and costs the party seeking dismissal incurred." See Liberty Decl. Ex. B at 39. Because this Court grants Defendants' motion to dismiss, Defendants may be entitled to fees and costs under the Franchise Agreement. However, the Court has dismissed this matter without prejudice, so a fee award may be premature. Further, it appears that Plaintiffs may not have been represented when they entered into the Franchise Agreement, which may raise the question as to whether or not the fees provision is enforceable. See, e.g., Armendariz v. Foundation Health Psychcare Servs, Inc., 24 Cal.4th 83, 113 (2000).

**IT IS SO ORDERED.**

Dated: June 6, 2008

*Elizabeth D. Laporte*
ELIZABETH D. LAPORTE
United States Magistrate Judge

3